UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REYNALDO PEREZ,

                Petitioner,

-v-

WILLIAM LEE,

                Respondent.

14-CV-5763 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Petitioner Reynaldo Perez seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Perez contends that he was denied the effective assistance of appellate counsel on direct appeal of his murder conviction. Specifically, Perez's mother hired a lawyer to appeal Perez's conviction, but that lawyer never actually pursued the appeal. As a result, Perez has been incarcerated for over twenty years without ever receiving a direct appeal of his conviction.

The Court referred this case to Magistrate Judge Barbara Moses, who issued a detailed and comprehensive Report and Recommendation, concluding that Perez's petition should be denied. (Dkt. No. 22.) Perez filed timely objections to the Report and Recommendation. (Dkt. No. 23.) For the reasons that follow, the Court adopts Judge Moses's Report and Recommendation in full and denies the petition.

I. **Background**

In 1996, Perez was convicted in New York Supreme Court, Bronx County, of one count of second-degree murder and one count of first-degree manslaughter. He was sentenced to consecutive terms totaling 33 years to life.

In 1997, Perez's mother hired a lawyer, Steven Kartagener, to pursue an appeal. She paid Kartagener $30,000. For over six years, however, Kartagener did nothing.

In 2003, Kartagener was disciplined for neglecting Perez's appeal. The disciplinary committee sent a letter informing Perez's mother of the disciplinary proceedings. Kartagener continued to serve as Perez's lawyer. For the next five years, however, Kartagener again did nothing.

In 2008, Kartagener finally filed something on Perez's behalf. But instead of filing a direct appeal—the service for which he had been retained—he filed a motion in the trial court, seeking to set aside the conviction based on New York Criminal Procedure Law § 440(1)(h). The motion argued that Perez had not received effective assistance of counsel at trial because his trial counsel failed to make a sufficiency-of-the-evidence argument.

In 2009, the trial court denied the § 440 motion, noting that the issue of ineffective assistance could have been raised on a direct appeal. (Dkt. No. 13-6.) In 2010, the Appellate Division denied leave to appeal the trial court's denial of the § 440 motion. (Dkt. No. 13-9.) Kartagener did no further work on Perez's case.

Two years later, in 2012, Perez hired his current lawyer, who filed a motion in the Appellate Division to enlarge the time to file an appeal. Perez argued that Kartagener had neglected Perez's appeal, that Perez had no money to hire a different lawyer, and that Perez did not know that he was entitled to an attorney as an indigent. The Appellate Division denied the motion without a written opinion. Perez appealed to the New York Court of Appeals.

In 2014, the Court of Appeals affirmed the Appellate Division's denial. *See People v. Perez*, 23 N.Y.3d 89 (2014). The Court of Appeals noted that Kartagener "was undoubtedly ineffective in failing to perfect the appeal that he was hired to pursue." *Id.* at 100. However, the court nevertheless affirmed, concluding that "the long delay in Perez's appeal—from the notice of appeal in 1996 to the motion for an extension of time in 2012—cannot be attributed solely to

[Kartagener's] ineffectiveness." *Id.* Specifically, the court held that Perez should have done something between 2003, when he found out about Kartagener's ineffectiveness, and 2012, when he hired his current lawyer. The court rejected the argument that Perez did not have any money to hire a different lawyer, noting that "Perez has offered no explanation of why he failed to seek assigned counsel" to which he was entitled as an indigent. *Id.* Relying on New York precedent, the Court of Appeals noted that "it is not unconstitutional to require a defendant to take some minimal initiative to assure himself adequate representation on appeal." *Id.* The court concluded that "an unfortunate choice of lawyer does not entitle Perez, as a matter of law, to perfect his appeal 16 years after it was taken, where nine of those years elapsed after the lawyer's failure had been made the subject of a formal sanction, and where no reasonable excuse for that nine-year delay was offered." *Id.* at 101.

## II. Legal Standard

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009). However, where objections are "merely perfunctory responses" and not "specific and clearly aimed at particular findings in the magistrate judge's proposal," clear error, and not *de novo*, review applies. *Id.* (first quoting *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002), then quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)) (internal quotation mark omitted).

**III. Discussion**

The Court adopts Magistrate Judge Moses's recommendation in full, and presumes familiarity with its legal conclusions. The Court's discussion deals only with Perez's objections.

Perez's key objection relates to his purported period of inaction. The Report and Recommendation noted that Perez took no action between 2003, when he learned of Kartagener's ineffectiveness, and 2012, when he hired his current lawyer. Perez objects to this characterization, arguing that Kartagener did work on his behalf from 2008 to 2010, and that the period of inaction therefore was only two years—between 2010 and 2012. (Dkt. No. 23 ¶ 6.)

However, this objection glazes over the period between 2003 and 2008. Kartagener did nothing on Perez's behalf for five years, yet Perez—who, at this point, knew of Kartagener's ineffectiveness—apparently did nothing about it. Adding the two years between 2010 and 2012 to these five, it totals seven years of Perez's inaction after finding out of Kartagener's ineffectiveness.

It was quite possible that Perez thought Kartagener was working on his behalf the entire time. But that is precisely the point: We do not know what transpired between 2003 and 2008, and neither did the Court of Appeals. Perez's current lawyer, when seeking to enlarge the time for appeal, could have (and probably should have) included those facts, including an affidavit by his client describing what had happened.[1] In the absence of such evidence, the decision of the Court of Appeals was neither contrary to established federal law nor an unreasonable application of fact, for the reasons stated in the Report and Recommendation.

---

[1] It should be noted, however, that Perez's lawyer may have had strategic reasons for omitting that type of evidence, and the Court is therefore hesitant to criticize that choice in absolute terms.

4

## IV. Conclusion

For the foregoing reasons, the petition is denied. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: February 7, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge